Thank you, Your Honor. May it please the Court, my name is Francis Fanning. I represent the appellants in this action. This case involves the interpretation of the Age Discrimination and Employment Act and the facts are somewhat complicated. I put a chronology as the first excerpt of record in an attempt to assist the Court in understanding the complex fact sequence. And the law is a little confusing as well. But what I'm asking the Court to do is to make a holding that would be a simple answer to the problem that this case exemplifies. And what I'm asking is for the Court to say that when the EEOC issues a right-to-sue letter in an age discrimination case before the 60-day mandatory waiting period has run, that that should be a nullity, that that should have no effect. It doesn't have the effect of giving litigants the right to sue, so it should not have the effect of triggering the running of the statute of limitations. When was the – I understand your position, and it set out very well in your brief. But when was it – when did you – when was that position first asserted? Your Honor, I believe it was first asserted by myself in the opening brief. It was not asserted by counsel who was representing the appellants in the court below. And I addressed in my reply brief while we're at it. In either one of the courts below? I believe that's correct. The – so what I am asking the Court to do, essentially, is to take this pure issue of law and make a statement that corrects what the lower court did so that this problem doesn't recur in the future. Isn't this contrary to the plain language of the statute pertaining to the 60-day period and the purpose behind that 60-day period? Well, Your Honor, the – I'm not asking the Court to – to change the rule that until that 60 days runs, a litigant can't file a lawsuit. What I'm saying is that if that happens, which it did in this case, the people attempted to begin litigation before the 60 days ran, but they did so because they were given a right-to-sue letter by the EEOC. What I'm asking the Court to do is to simply say, that right-to-sue letter means nothing. And so it doesn't trigger the running of the statute of limitations, and it doesn't prevent people from going back and amending their charge, which is what the appellants attempted to do in this case. They – they tried to get into the first lawsuit, and the judge denied their motion for leave to – to join in that lawsuit because the – the two litigants that were already in that lawsuit, their claims were dismissed. And so the rest of the group never got into the first lawsuit. And they went back to the EEOC thinking that – that what they needed to do was to get a proper right-to-sue letter. Well, they – they really didn't need a right-to-sue letter, but they were confused by the whole series of events, and they went back and got a sort of right-to-sue letter from the EEOC and tried a second time. And they asked for – originally for the right-to-sue letter before the 60 days? Yes. And I – and I believe – And your position now is that the EEOC is just supposed to sit there and say, sorry, we can't give you a right-to-sue letter. You can't sue until we have sat here on a case that we're never going to get to until the 60 days are up. Yes. My position is that the EEOC should have said two things. One, you don't need a right-to-sue letter to file an ADEA claim. But, two, us giving you a right-to-sue letter is not giving you the right to sue, because you still have to wait the 60 days. Well, if you had a lawyer that perfectly understood all this, it would be simple, right? Well, they were – And what you're arguing for is a ruling by this Court that says nobody has to understand what's written. Just be assured that if you ignore it, you're going to be home free. Now, none of – I realize that it sounds complex, but what's new in the law? There are a lot of areas that we find to be very complex, but we don't make a rule that says any lawyer can do it without cracking a book. Well, I understand, Your Honor. I guess, you know, the appellants have the alternative, I suppose, of trying to sue the lawyer that was representing them in the process. But whether he breached the standard of care, I don't really know, because this is – Well, that's not for us to decide. But the fact is, the fact is that even the right to sue contains some warning about what is referred to now as a trap, did it not? It has some oblique reference to the 60-day rule. Oblique or maybe more than oblique, right? Well, it says – I'll see. You don't need to take your time. All right. Well, Your Honor, the reason that I think this trap should be fixed is not just for these litigants. There are other people, and particularly a lot of people, who aren't represented by counsel, who file charges and rely on the EEOC to guide them through the administrative process. And if the EEOC issues a right to sue letter that seems to suggest that they have a right to sue when they don't, then they're going to fall into the same trap. Is this all an effort to make a class action? Is that what this is all about? No, Your Honor. The individuals in this case all wanted to join in the same action. I don't think they were intending it to be a class action. They were – they simply were all in the same boat. They were all getting laid off from Schwab, and they believed it was because of their age. Were they all represented by the same lawyer? Were they all represented by the same lawyer? Yes, Your Honor. And as I understand it, they knew that Mr. Eidenbach had filed suit, and they were anxious to get in to court with him in the same lawsuit rather than filing a multiplicity of suits. And that's why they went to the EEOC, filed a charge, and then asked for the right to sue letter. And our – my contention is that had the EEOC simply said the right to sue letter isn't going to do you any good, you've got to wait for 60 days before you can join in the lawsuit, then that wouldn't have – you know, this problem wouldn't have arisen. And when they went back to try to fix the problem, it just got worse, and they wound up basically not being allowed in to the first lawsuit and being too late for the second lawsuit. So I'd like to reserve the rest of my time for rebuttal. Thank you. Good morning, Your Honor. May it please the Court. Joe Cleese for the Appellee, Charles Schwab and Company. Your Honors, this is not a case where the plaintiff was – or the plaintiffs were victimized by some procedural landmines or by some bureaucratic malfeasance. It's a case where they were represented from day one by experienced employment lawyers. They chose to ignore the plain language of limitations in the statutes, chose to ignore a clear Ninth Circuit precedent on point, as well as multiple and explicit warnings from the EEOCs in the right to seize themselves regarding the time limitations that they now seek relief from, all of this because they were rushing to craft a class action without first following the proper prerequisites. They've had multiple bites at the apple, and they should not now be able to avoid both the determinations by Judge Campbell and Judge Marghia by asserting to this Court arguments that were never asserted below. Could they have asked Judge Campbell to stay that action until the other people could get into it? Absolutely, Your Honor. That's one of probably five or six things that they could have done with Judge Campbell. They could have appealed Judge Campbell's determination. They didn't. They could have asked Judge Campbell for a stay. They did not. They could have simply voluntarily dismissed and refiled because at the time that they were in Judge Campbell's 2004 decision or the 2004 case, there was ample time for all six to timely sue at the time, and there were multiple other things that they could have done, but they didn't. They failed to follow Judge Campbell's direct admonition, as well as this Court's roadmap in the Dempsey case, that all they needed to do was argue equitable tolling in the second lawsuit, but they didn't do that as well. One of many, many opportunities that they've had, the Court's decisions in Dempsey and in Sanchez and in Mitchell and Maroon are quite clear on all of these points, Your Honor. They repeatedly failed to heed the Court's direction as well as those of the judges involved in the case. There's nothing unusual or unique or complicated about this case. The only confusion that may arise is because of the plaintiff's litigation strategy of filing amended charge after amended charge after amended charge to try to save what were clearly time-barred complaints and time-barred charges, which was with the EEOC. The appellants have had ample due process, and I'm using the term in the loosest possible sense, but they've had ample due process. Many of the charges were investigated by the EEOC, and they were dismissed after investigation. Remember, Judge Merguia didn't dismiss all of the charges here. She did find that two of the charges were timely filed and were timely sued upon. Those two charges survived. I'd like to briefly address the issue of the 60-day argument, because in many respects, that's a red herring. First of all, the 60-day argument raised today by Mr. Fanning was not raised below, and the Dowie case makes it clear that this Court can't consider it. But it was not a factor in Judge Merguia's decision. Judge Merguia's decision was based on the fact that the plaintiffs Eidenbach, Freese, and Kearney missed the 300-day limitations period and that plaintiffs Bennett, Walter, and Ward missed the 90-day limitations period. Sixty days had nothing whatsoever to do with Judge Merguia's decision. There's no authority that's been asserted by the plaintiffs that the EEOC cannot issue an early right to sue, particularly whereas here it was part of their litigation strategy, and they asked for the right to sue from the EEOC. And for those reasons, Your Honor, unless the Court has further questions, I will conclude and then submit it for consideration. Thank you. Thank you. Your Honor, I would just point out that the 60-day rule is what caused Judge Campbell in the first case to dismiss Mr. Freese's claim. And at that point, that's when the remaining plaintiffs were trying to join in the belief that because he got dismissed when he thought he had a right to sue, that the same thing would happen to them. And this is because the ADA doesn't match Title VII or the Americans with Disabilities Act, it creates confusion not only for litigants, but for lawyers. And until I took this appeal, I really didn't understand the difference between how the time limits worked in an ADEA case and the time limits in any other discrimination case. And I've been litigating employment cases for 25 years. It's just a confusing area of the law that's been further confused by things that Congress has done. So I would ask the Court to grant the relief that we've requested. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Crawford v. Carey.
judges: Schroeder, Leavy, Fairbank